**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ARMOND CALVIN, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 4:23-CV-1045 CDP |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion to vacate appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

**Background**

On October 5, 2020, movant pled guilty to conspiracy to distribute and possess with intent to distribute fentanyl and possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846 and 18 U.S.C. § 924(j)(1), (c)(1)(A) and (c)(1)(A)(iii). *See United States v. Calvin*, Case No. 4:18-CR-565 CDP (E.D. Mo.). On January 4, 2021, the Court sentenced movant to 240 months of imprisonment, followed by five years of supervised release. *Id.*

Movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals. *See United States v. Calvin*, No. 21-1149 (8th Cir. 2021). The Eighth Circuit granted the government's motion to dismiss the appeal on August 3, 2021, and the mandate was issued on August 24, 2021. *Id.*

**Movant's Motion to Vacate**

On August 17, 2023, movant executed his motion to vacate and placed the motion in the prison mailing system at the Federal Correctional Institution in Bennettsville, South Carolina. Movant asserts that he is entitled to set aside his conviction because his attorney was ineffective for failing to "perfect a direct appeal." Movant asserts that not only did his appointed counsel on appeal fail to "file a perfect direct appeal," but he also "failed to inform defendant of [the] probability of success on appeal." Movant believes this deprived him of his Sixth Amendment right to effective counsel.

Movant asks that his judgment and conviction be vacated, and that he be allowed to reappeal if necessary.

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>  (1) the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is  removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. A one-year statute of limitations applies to motions pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). The limitation period begins to run from the date the conviction becomes final. *Id.* "[F]or federal criminal defendants who do not file a petition for certiorari with the United States Supreme Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003); *see also Camacho v. Hobbs*, 774 F.3d 931, 933 (8th Cir. 2015). The Rules of the Supreme Court of the United States provide that a petition for writ of certiorari must be filed within ninety (90) days after the entry of judgment. Sup. Ct. R. 13(1), (3) (providing ninety (90) days to petition for writ of certiorari, running from the date a timely motion for rehearing is denied).

In this case, the instant motion was signed by movant and placed in the prison mail system on August 17, 2023. The Eighth Circuit granted the government's motion to dismiss the appeal on August 3, 2021; therefore, his conviction was considered final ninety (90) days after that time, on November 1, 2021. *See* Fed. R. App. Proc. 4(b)(1). Thus, movant had until November 1, 2022, to file his motion to vacate in this Court.

3

Even though movant's motion to vacate is over eight months late, he asserts that it should be considered timely because his attorney failed to file a "perfect appeal." The Court is unclear how movant's ineffective assistance of counsel claim relative to his counsel's performance on appeal has bearing on the timeliness of the present motion. Movant should address this issue, as well as why his motion to vacate is untimely, by responding to this Court's Order, within thirty (30) days.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than thirty (30) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 20th day of September, 2023.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE