**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ARMOND CALVIN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | 4:23-CV-1045 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on movant's response to the Order to Show Cause dated October 2, 2023. [ECF Nos. 2 and 3]. In the Order, the Court directed movant to show cause as to why his motion to vacate, set aside, or correct sentence should not be dismissed as time barred. For the following reasons, the Court concludes the instant action is time barred under 28 U.S.C. § 2255.

### **Background**

On October 5, 2020, movant pled guilty to conspiracy to distribute and possess with intent to distribute fentanyl and possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846 and 18 U.S.C. § 924(j)(1), (c)(1)(A) and (c)(1)(A)(iii). *See United States v. Calvin*, Case No. 4:18-CR-565 CDP (E.D. Mo.). On January 4, 2021, the Court sentenced movant to 240 months of imprisonment, which was the joint recommendation of the parties contained in the plea agreement, followed by five years of supervised release. *Id.*

Movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals. *See United States v. Calvin*, No. 21-1149 (8th Cir. 2021). The Eighth Circuit granted the government's

motion to dismiss the appeal on August 3, 2021, and the mandate was issued on August 24, 2021. *Id.*

Movant's was required to file his motion to vacate no later than November 1, 2022.  28 U.S.C. § 2255(f)(1).  (Ninety days after the Eighth Circuit granted the motion to dismiss his appeal, as no motion for certiorari was filed.)  Movant filed this motion by placing the current motion in the prison mail system on August 17, 2023.  As such, his motion to vacate was filed approximately eight months late.

On September 20, 2023, the Court ordered movant to show cause why this motion should not be summarily dismissed as time-barred. [ECF No. 2]. Movant filed a three-page response arguing that his defense counsel was ineffective for filing a motion to vacate pursuant to 28 U.S.C. § 2255 prior to filing a direct appeal. [ECF No. 3]. In his response brief, movant asserts, "…counsel's failure to follow the appellate[']s procedure chronologically, starting with a direct appeal being the first appeal to submit is clearly ineffective by petitioner's attorney, due to the fact he'd filed a 2255 motion first."

Movant seeks to overturn his judgment and conviction and be allowed to reappeal if necessary.

## Discussion

As set forth in the Order to Show Cause, movant's motion to vacate is time-barred and subject to dismissal. Movant has not provided any arguments in his response brief for equitable tolling of the applicable statute of limitations, and the Court finds that pursuant to 28 U.S.C. § 2255(f)(1), movant's motion to vacate, set aside or correct is barred by the statute of limitations.

Rather than argue with the appropriate statute of limitations, movant again argues that he should have his conviction and sentence expunged, or at least be allowed to reappeal, because his counsel failed to appropriately perfect his appeal. Movant appears to be asserting that his defense counsel filed a motion to vacate pursuant to § 2255 before filing his direct appeal. The Court has thoroughly reviewed the Court record and can find no such prior § 2255 motion.

Movant's defense counsel in his criminal action, *United States v. Calvin*, Case No. 4:18-CR-565 CDP (E.D. Mo.), filed a timely notice of appeal of his conviction and sentence on January 19, 2021. *Id.* at ECF No. 963; *see* Fed.R.App.P.4(a)(1)(B). Counsel did not file a motion to vacate brought pursuant to 28 U.S.C. § 2255 on movant's behalf at that time, as to do so while his criminal appeal was pending would be premature. *See Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965) ("Ordinarily resort cannot be had to 28 U.S.C. § 2255 or habeas corpus while an appeal from conviction is pending.").

During his direct appeal, movant was represented by Christopher S. Swiecicki. *United States v. Calvin*, No. 21-1149 (8th Cir. 2021). On June 4, 2021, Mr. Swiecicki filed an opening brief on appeal on behalf of movant arguing that this Court failed to conduct an adequate inquiry into movant's dissatisfaction with his court-appointed attorney. However, at the beginning of July 2021, the government filed a motion to dismiss the appeal on the grounds movant's appeal waiver prevented him from making such an argument on direct appeal. On August 31, 2021, the Eighth Circuit Court of Appeals granted the government's motion to dismiss and dismissed movant's appeal. The mandate was issued by the appellate court on August 24, 2021. *Id.* This concluded Mr. Swiecicki's representation of movant at that time. At no time prior to that time or until movant filed the instant § 2255 were any motions to vacate filed on movant's behalf.

For these reasons, movant's assertions that his defense counsel was ineffective for filing a motion to vacate before filing his direct appeal are without merit. Additionally, movant's motion to vacate is time-barred and must be dismissed pursuant to the statute of limitations set forth in 28 U.S.C. § 2255(f)(1).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DENIED AND DISMISSED** as time barred. *See* Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order

Dated this 7th day of November, 2023.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE